[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of an application for a permit to conduct regulated activities within 150 feet of an inland wetland. The application filed (Return of Record #1) indicates that the purpose and description of the activity involves construction and deposit of material on a four acre parcel located on the north side of Crane Hill Road, 500 feet from the intersection with Browns Road, Mansfield, Connecticut. The present zoning is RAR 40' as set forth in the application. The application further states, item 6, that the property to be affected by the proposed activity contains a swamp and a seasonal stream/river.
In its revised complaint dated December 28, 1989 the plaintiff alleges that the action of the defendant was illegal, arbitrary, and capricious in one or more of the following respects:
a) The agency's decision was based upon the following factors which it could not legally consider:
(I) Consideration of "surrounding area;" CT Page 4267
(II) The fact that the Conservation Commission did not approve the proposal;
(III) The applicant already had use of its land with an earlier subdivision;
(IV) The consideration of the habitat for red-tailed hawks without information that the habitat was in a wetland-regulated area.
b) The agency's decision was contrary to the testimony and evidence produced at the public hearing.
The plaintiff also claimed that the agency denied the application despite clear evidence that there was no feasible and prudent alternative to the plaintiff's application and that the action of the agency exceeded the powers under Section 22a-36 through 22d-45 of the Connecticut General Statutes.
A court hearing on the appeal was held on October 12, 1990. At said hearing Richard W. Lee, President of the plaintiff Corporation testified that he was familiar with the Wetlands application, that the plaintiff was the owner in fee simple of the land involved and that the granting of the application was necessary to the development of the land.
Sec. 22a-43 of the Commission General Statutes provides in part: "___ any person aggrieved may appeal to the Superior Court from any decision made by the agency ___." Based on the evidence of ownership and the financial interests involved the Court finds that the plaintiff falls within the purview of the statute and has standing to take the appeal.
A review of the record reveals the following salient facts. A public hearing was held by the defendant commission on July 17, 1989 and continued for further hearing on August 7, 1989. On September 6, 1989 the defendant board voted to deny the application (Defendant's Return of Record #18). The reasons given for the denial were:
1. The Agency finds that feasible and prudent alternatives may exist. This was not adequately addressed by the applicant.
2. In accordance with Article 4 that there may be a significant impact from the proposal due to its proximity to the wetlands; the nature of the land adjacent to the wetlands CT Page 4268 and the surrounding area and the amount of fill required.
3. This wetland may provide a habitat for red-tailed hawks.
4. The Conservation Commission did not approve the proposal.
5. It is further noted that the applicant has already had use of his land with an earlier subdivision.
An examination of the transcript of the public hearings (Defendant's Return of Record #17) reveals that the four acre parcel is located on Crane Hill Road and contains the remaining property from an earlier subdivision approved in 1976. The reason for this hearing is that this parcel is located in the regulated buffer area — (pages 1-3, transcript). The plaintiff was not making any application to the wetlands itself. The application was a two lot application on which it was proposed to build two single family homes. (pages 3 — transcript of public hearing). The plaintiff claimed that there would be no impact by the construction of the homes but any impact would be during the course of construction involving filling operations.
At the public hearing on July 17, 1989 Mrs. Joy Truman stated, "I heard the term feasible alternative used and we were told there was no feasible alternative to this plan and I'd like to submit that returning to the plan for one house is a feasible alternative and it will cut the sewage in half that drain into the wetlands, and my question is, since half of my husband's and my lot is forested swamps downstream from the lot in question, and since our two children and a total of seven children in these three lots play in that woods and in that stream, what is our recourse if it turns out that sewage and/or fertilizer do drain into the wetlands?" (Public Hearing Transcript pages 41).
Section 22a-41 state in part, "(b) — In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist . . . The finding and the reasons therefore shall be stated on the record."
In this case the agency specifically found that a feasible alternative does exist, i.e. the development of the parcel by the construction of one, rather than two, dwellings or the restriction of any development at all.
Having reviewed the record and the reasons for the CT Page 4269 denial the Court finds that the reasons were supported by substantial evidence nor was the decision reached in an arbitrary, illegal or unfair manner.
Kaeser v. Conservation Commission, 20 Conn. App. 309.
The appeal is denied and judgment may enter in favor of the defendants.
Jackaway, J.